Filed 10/1/15  P. v. Lopez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MARK ANTHONY LOPEZ,<br><br>    Defendant and Appellant. | H042100<br>(Santa Clara County<br>Super. Ct. No. C1483828) |

On October 20, 2014, appellant Mark Anthony Lopez pled no contest to second degree burglary (Pen. Code, §§ 459/460, subd. (a)) and admitted one strike prior.  (Pen. Code, §§ 667, subd. (b)-(i), 1170.12.)  Pursuant to the negotiated disposition, the trial court sentenced him to four years in prison.[1]

On February 26, 2014, appellant filed a petition for resentencing pursuant to section 1170.18, subdivision (a).  On March 3, 2015, the trial court denied the petition, finding that the offense did not qualify for sentencing because the record of conviction reflected that the crime was committed by entering a residential apartment complex.  This timely notice of appeal ensued.

---

[1] All future statutory references are to the Penal Code unless otherwise specified.

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), which states the case but raises no specific issues.

Pursuant to *Serrano,* on July 2, 2015, we notified appellant of his right to submit written argument in his own behalf within 30 days. On July 13, 2015, we received a supplemental brief from appellant which challenges the trial court's order on the grounds that he did enter a residential dwelling as the trial court found. Appellant contends that he entered an apartment complex laundry facility, where he stole loose change from a washing machine. He contends that because the laundry facility is not occupied, it should be deemed commercial property, and his crime should be considered a commercial burglary which would be eligible for resentencing under Proposition 47. (§ 1170.18, subd. (a).)

Appellant's argument is without merit. Even if appellant were correct that an apartment complex laundry facility could be deemed a commercial establishment open for business pursuant to section 11070.18, there is nothing in the record before us that supports his factual assertion that he stole loose change from an apartment complex laundry facility. Further, appellant pled no contest to second degree burglary of an inhabited dwelling house, not burglary of a commercial establishment that was open for business. Therefore, irrespective of the underlying facts, his conviction is for a burglary of a dwelling house, not a commercial establishment open for business. As nothing in defendant brief raises an arguable issue on appeal, we must dismiss the appeal.

## DISPOSITION

The appeal is dismissed.

_____
RUSHING, P.J.

WE CONCUR:


_____
　　　ELIA, J.




_____
　　　WALSH, J.[*]




*People v. Lopez*
**H042100**

---

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3